# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANCES L. MOSES,

 Plaintiff,

v.

AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, BOARD OF TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND, MUSICIANS UNION OF LAS VEGAS LOCAL 369, AFM [AFL-CIO, CLC], et al.,

 Defendants.

Case No. 2:10-cv-01728-LDG-RJJ

**ORDER**

 Plaintiff Frances L. Moses ("Ms. Moses") filed this action seeking payment of death benefits allegedly withheld by Defendants American Federation of Musicians and Employers' Pension Fund ("the Fund"), Board of Trustees of the American Federation of Musicians and Employers' Pension Fund ("the Board"), and Musicians Union of Las Vegas Local 369, AFM [AFL-CIO, CLC] ("the Local") after the death of Thomas T. Moses ("Mr. Moses") in 1988 (#1). Now pending before the court is Defendants' motion for summary judgment (#32, the Local's joinder #35).

**I.   Background**

Mr. Moses was a member of the Local and a qualified participant in an employee benefit plan administered by the Fund. The Fund provided for a pre-retirement death benefit of $53,730.00 to be paid to the appointed plan beneficiaries of Mr. Moses. Mr. Moses died on April 16, 1988. Ms. Moses alleges that because she was married to Mr. Moses on April 16, 1988, she was a beneficiary under the plan and that Defendants have refused to pay the pre-retirement death benefit she was due. Ms. Moses stated that she went to the Local after the death of Mr. Moses but was told she had no claim for death benefits because she was not married to him. Ms. Moses did not file a complaint until 2010, when she filed this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for payment of the $53,730.00. Although Ms. Moses was represented by counsel at the time she filed her Complaint, her attorney subsequently withdrew representation. Ms. Moses informed the court in a letter dated April 15, 2011 (#31), that she was not able to secure professional representation nor did she have the "knowledge of court law to represent [her]self." Currently, Ms. Moses is not represented by counsel.

Defendants filed this motion for summary judgment on April 22, 2011. On April 25, 2011, the court issued a *Klingele* order (#34) that notified Ms. Moses of the necessity of responding to Defendants' dispositive motion, and identified what Ms. Moses must do to adequately oppose Defendants' motion. Despite the court's warnings, Ms. Moses has failed to file points and authorities in opposition to Defendants' motion. The failure to file points and authorities in opposition to a motion is deemed a consent to the granting of that motion. LR 7-2(d). In any event, however, the court finds Defendants' unopposed motion to have merit.

## II. Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" demonstrate "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one required to prove the basic element of a claim; the substantive law defines a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). The burden then shifts to the non-moving party to go beyond the pleadings and set forth specific facts demonstrating there is a genuine issue for trial. *Id.* The nonmoving party must produce sufficient evidence from which a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252. Furthermore, all justifiable inferences must be viewed in the light most favorable to the non-moving party. *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

Pro se litigants are held to less stringent standards than litigants represented by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ward v. Ryan*, 623 F.3d 807, 810 n.4 (9th Cir. 2010). Although Ms. Moses was originally represented by counsel, she was not represented when Defendants filed this motion. Therefore, in evaluating Defendants' motion, the court will treat Ms. Moses with leniency. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

### A. Ms. Moses's ERISA Claim Is Not Timely And Defendants Are Entitled To Judgment As A Matter Of Law.

Defendants move for summary judgment on the basis that Ms. Moses failed to bring her ERISA claim within the period of time designated by the statute of limitations. Summary judgment is proper when a cause of action is barred by the statute of limitations. *See, e.g.*, *Canatella v. Van De Kamp*, 486 F.3d 1128 (9th Cir. 2007). ERISA does not itself set out a limitations period for suits to recover benefits. *Wetzel v. Lou Ehlers Cadillac Grp. Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000). Instead, courts look to the most analogous state statute of limitations. *Id.* Looking to Nevada contract law, the period of limitations as to "an action upon a contract . . . founded upon an instrument in writing" is six years. Nev. Rev. Stat. § 11.190(1)(b). *See Lavery v. Wolden*, 104 Nev. 392, 394 (1988) (stating that a cause of action on a written contract is controlled by the six-year statute of limitations contained in Nev. Rev. Stat. § 11.190(1)(b)). Therefore, from the time the ERISA cause of action accrued, Ms. Moses had no more than six years to bring her suit in federal court.

"[A]n ERISA cause of action accrues either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." *Wetzel*, 222 F.3d at 649. A claimant has "reason to know" when the plan communicates "a clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his benefits had been finally denied." *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1187 (9th Cir. 2010).

The court concludes that Ms. Moses had reason to know, at the time of Mr. Moses's death, that she was denied recovery of her alleged benefits. During the court's hearing on February 7, 2011, Ms. Moses testified that, after the death of Mr. Moses in 1988, she visited the

4

Local concerning her alleged benefits but was told that she had no claim because she was not married to Mr. Moses.  Ms. Moses testified that although she may have considered taking legal action at that time, no complaint was ever filed.  In light of the foregoing, Ms. Moses could not have reasonably believed but that her benefits had been "finally denied."  Ms. Moses's subsequent 2010 ERISA claim, therefore, is not timely, and Defendants' motion for summary judgment has merit.

### III.  Conclusion

For the reasons stated herein,

THE COURT HEREBY ORDERS that Defendants' motion for summary judgment (#32, #35) is GRANTED.

Dated this ___14___ day of July, 2011

_____
Lloyd D. George
United States District Judge